UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LOIS KAMINSKI, individually and as Administratrix of the Estate of JAMES F. FITZGERALD, deceased,

        Plaintiff,

-against-

UNITED STATES OF AMERICA, by and through its officers, agents and/or employees,

        Defendants.

**COMPLAINT**

Case No.:  5:14-cv-1441 (GLS/ATB)

---

Plaintiff, LOIS KAMINSKI, individually and as Administratrix of the Estate of JAMES F. FITZGERALD, deceased, by and through her attorney, Bottar Leone, PLLC, complaining of the defendants, alleges as follows:

### PARTIES

1. The plaintiff currently resides at 435 County Route 30, Williamstown, New York.

2. On May 23, 2012, the plaintiff's decedent died.

3. On September 9, 2013, Lois Kaminski was appointed Administratrix of the decedent's estate by the Honorable Spencer J. Ludingston, Oswego County Surrogate's Court Judge.

4. Upon information and belief, the PULASKI HEALTH CENTER ("PHC"), is a community health center with a principal place of business located at 61 Delano Street, Pulaski, New York.

5. Upon information and belief, and at all times relevant to this complaint, Elaine Shaben, N.P. ("Shaben"), was and is a nurse practitioner licensed by the State of New York, with a principal place of business located at 61 Delano Street, Pulaski, New York.

6. Upon information and belief, and at all times relevant to this complaint and specifically from March 20, 2012 through and including May 23, 2012, the plaintiff's decedent was a patient of the PHC and Shaben, thereby creating a healthcare provider-patient relationship.

7. Upon information and belief, and at all times hereinafter mentioned, the PHC and Shaben held themselves out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that they were knowledgeable, qualified and competent to treat his condition and symptoms, including complaints of persistent burning chest discomfort.

8. Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. 233, the Secretary of the United States Department of Health and Human Services deemed the PHC eligible for medical malpractice coverage under the Federal Tort Claims Act.

9. Upon information and belief, and at all times relevant, Ms. Shaben was acting pursuant to and in furtherance of her duties as an officer, agent and/or employee of PHC and/or the United States of America.

10.     Upon information and belief, the defendant, UNITED STATES OF AMERICA (USA), is responsible for the acts of omission and/or commission of PHC officers, agents and/or employees including, but not limited to, Shaben.

## JURISDICTION

11.     This Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b).

12.     The plaintiff complied with 28 U.S.C. §2675 by presenting an administrative claim to the United States Department of Health and Human Services ("HHS") on May 23, 2014.

13.     Plaintiff's administrative claim was denied by HHS in a letter dated September 8, 2014.

## AS AND FOR PLAINITFF'S FIRST
## CAUSE OF ACTION

14.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 11 as if set forth in full here.

15.     The plaintiff's decedent presented to the PHC and Shaben for care and treatment from March 20, 2012 through and including May 23, 2012.

16.     The plaintiff's decedent died on May 23, 2012.

17.     The plaintiff's decedent's cause of death was acute myocardial infarct.

18.     Upon information and belief, the severe and permanent bodily injuries and, ultimately, wrongful death suffered by the plaintiff's decedent were the direct and proximate result of the carelessness, negligence, and improper care and treatment of the USA, by and through the PHC and Shaben, in that they: failed to possess the degree

3

of skill, training and care as was possessed and exercised by the average qualified members of the medical profession within their specialty; failed to keep abreast of relevant literature and appropriate methods of practice; failed to have and/or follow rules, regulations, procedures, or protocols regarding the treatment of patients with risk factors for and/or signs and symptoms of coronary artery disease; failed to have and/or follow rules, regulations, procedures, or protocols regarding the treatment of patients with coronary artery disease; failed to ensure that qualified medical personnel were available to care for and did in fact care for the plaintiff's decedent; failed to obtain a timely consultation of another physician regarding the plaintiff's decedent's condition, when they knew or should have known of the foreseeable consequences of their inability or failure to properly and skillfully provide the plaintiff's decedent with acceptable medical care during the course of his treatment; failed to refer the plaintiff's decedent to a specialist, e.g., a cardiologist; failed to properly and skillfully provide the plaintiff's decedent with acceptable medical care and treatment, including but not limited to maintenance, care, prevention and/or treatment for coronary artery disease; failed to make a full and complete examination of the plaintiff's decedent prior to initiating treatment; failed to fully evaluate and adequately treat the plaintiff's decedent as he then and there presented; failed to hospitalize the plaintiff's decedent for observation and/or treatment, including surgical intervention; failed to inform and to warn of the risks involved or associated with the plaintiff's decedent's condition; failed to inform and to warn about the treatment of said condition; failed to timely and properly recognize and respond to the fact that they negligently and improperly diagnosed the plaintiff's

decedent; failed to properly and adequately follow-up on the plaintiff's decedent's care so as to timely recognize and respond to damage caused by the improper diagnosis; and were otherwise negligent and committed medical malpractice under the circumstances.

19. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the USA, the plaintiff's decedent suffered conscious pain and suffering and mental anguish, fear of death and loss of enjoyment of life, and sustained severe, permanent and disabling injuries ultimately resulting in his death, thereby causing pecuniary loss and all other losses as may be allowable under the Estates, Powers & Trust Law of the State of New York and under case law of the State of New York for wrongful death, together with medical bills and/or lost wages.

**AS AND FOR PLAINTIFF'S
SECOND CAUSE OF ACTION**

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if set forth in full here.

21. Upon information and belief, the defendants failed to obtain the informed consent of the plaintiff's decedent.

22. Upon information and belief, as a direct and proximate result of the acts of omission and/or commission of the defendants, the plaintiff's decedent did not give his informed consent with respect to the course of care and treatment provided to him.

23.    Upon information and belief, a reasonable prudent person in the position of the plaintiff's decedent would not have undergone the treatment or diagnosis provided by the defendant if he had been fully informed, and that the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought.

24.    Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendants, the plaintiff's decedent suffered conscious pain and suffering and mental anguish, fear of death and loss of enjoyment of life, and sustained severe, permanent and disabling injuries ultimately resulting in his death, thereby causing pecuniary loss and all other losses as may be allowable under the Estates, Powers & Trust Law of the State of New York and under case law of the State of New York for wrongful death, together with medical bills and/or lost wages.

///

///

///

///

///

**WHEREFORE**, the plaintiff hereby demands a jury trial of all issues so triable, together with judgment against the defendant, as follows:

(a) Awarding her compensatory damages in the amount of $15,000,000.00;

(b) Awarding her costs and disbursements of this action; and

(c) Awarding her such other and further relief as the Court deems just and proper.

Dated: November 25, 2014

BOTTAR LEONE, PLLC

_____
Michael A. Bottar, Esq. (RN/MB2620)
*Attorney for Plaintiff*
AXA Tower II – Suite 1600
120 Madison Street
Syracuse, NY 13202
Tel: (315) 422-3466
mbottar@bottarleone.com

7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LOIS KAMINSKI, individually and as Administratrix of the Estate of JAMES F. FITZGERALD, deceased,

       Plaintiff,

-against-

UNITED STATES OF AMERICA, by and through its officers, agents and/or employees,

       Defendants.

**CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-A**

Case No.:

---

STATE OF NEW YORK    )
COUNTY OF ONONDAGA  ) SS.:

    I, MICHAEL A. BOTTAR, being duly sworn, depose and say:

    I am an attorney duly licensed to practice law in the State of New York and am the attorney for the Plaintiff in this action. I have reviewed the facts of the case and have consulted with at least one physician licensed to practice medicine, and who I reasonably believe is knowledgeable in the relevant issues involved in this action. I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

_____
Michael A. Bottar, Esq.

8