UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LOIS KAMINSKI, Individually and as Administratix of the Estate of JAMES F. FITZGERALD, Deceased,

Plaintiff,

-against-

UNITED STATES OF AMERICA, by and through its officers, agents and/or employees; JOSEPH P. MARKHAM, M.D., individually and as an officer, agent, and/or employee of ST. JOSEPH'S HEALTH CENTER and ST. JOSEPH'S HOSPITAL HEALTH CENTER, by and through its officers, agents, and/or employees.

Defendants.

**Civil Action No.: 5:14-CV-1441 (GLS/ATB)**

**ATTORNEY AFFIDAVIT**

---

STATE OF NEW YORK )
) ss:
COUNTY OF ALBANY )

KATHLEEN A. BARCLAY, ESQ., being duly sworn, deposes and says:

1. I am an attorney duly licensed to practice law in the State of New York and in the Northern District of New York, and am a partner with the law firm of Maguire Cardona, P.C., attorneys for defendant St. Joseph's Hospital Health Center, and as such am fully familiar with all the facts, circumstances, and proceedings hereto and herein.

2. I submit this affidavit in support of a motion made by the defendant, St. Joseph's Hospital Health Center, for an Order pursuant to Fed. R. Civ. P. 56, granting summary judgment in favor of the moving defendant, St. Joseph's Hospital Health Center, dismissing the plaintiff's complaint and any and all cross claims with prejudice upon the

grounds that Dr. Markham acted in accordance with the applicable standard of care, and did not proximally cause of the plaintiff's decedent's injuries or death, and as such, St. Joseph's Hospital Health Center cannot be heldvicariously liable for any actions of Dr. Markham in the treatment and care of the plaintiff's decedent.

3. In addition, there are no independent claims of negligence set forth by the plaintiff against St. Joseph's Hospital Health Center, and therefore, there are no triable issues of material fact.

4. The Exhibits attached hereto in support of this motion are as follows:

**EXHIBITS**

Exhibit A: Summons and Amended Complaint filed on March 23, 2015;

Exhibit B: Verified Answer of defendant St. Joseph's Hospital Health Center dated May 20, 2015;

Exhibit C: Substitution of Attorney effective on April 18, 2017;

Exhibit D: Notice of Appearance dated May 4, 2017;

Exhibit E: The Medical Records created by Dr. Markham on February 6, 2012;

Exhibit F: The Medical Records from Oswego Hospital on February 6, 2012;

Exhibit G: The Medical Records from Pulaski Urgent Care;

Exhibit H: The transcript of Dr. Markham's testimony taken on March 15, 2016;

Exhibit I: The transcript of Lois Kaminski's testimony taken on February 29, 2016;

Exhibit J: The transcript of Elaine Shaben, N.P.'s testimony taken on April 11, 2016;

Exhibit K: The transcript of plaintiff's expert Dr. Jolin's testimony taken on August 8, 2017;

Exhibit L: The transcript of co-defendant, U.S.' expert Dr. Jaffe's testimony taken on July 20, 2017;

Exhibit M: Co-defendant, Dr. Markham's expert disclosure of Dr. Bartfield;

Exhibit N: The Death Certificate for plaintiff's decedent certified on May 24, 2012.

5. All relevant facts submitted in support of St. Joseph's Hospital Health Center's motion for summary judgment are set forth in the Statement of Material Facts and the Memorandum of Law.

6. It is respectfully submitted that when the entire record is examined, it establishes that the defendant, St. Joseph's Hospital Health Center cannot be vicariously liable for Dr. Markham's alleged negligence through respondeat superior due to the fact that Dr. Markham did not deviate from the appropriate standard of care and was not the proximate cause of the plaintiff's decedent's injuries or death. See the moving defendant's Memorandum of Law.

7. It is further submitted that based upon the proof that has been put forward by the Co-defendant, Dr. Markham, including the expert, Dr. Bartfield's, opinions on the issues of negligence and causation, St. Joseph's Hospital Health Center joins in on his motion and incorporates all arguments made therein. In this regard, in the interest of judicial economy, the co-defendant, Dr. Markham's testimony, medical records, statement of material facts, and the affidavits that were submitted for his motion for summary judgment, are incorporated into this motion.

8. Accordingly, it is respectfully submitted that, as a matter of law, if the co-defendant, Dr. Markham's motion for summary judgment is granted, St. Joseph's Hospital Health Center's motion must also be granted, as there can be no imposition of vicarious liability

against St. Joseph's Hospital Health Center if there is not a viable claim against Dr. Markham.

9. Based upon the foregoing, it is respectfully submitted that the motion by the defendant, St. Joseph's Hospital Health Center, for summary judgment be granted.

**WHEREFORE**, your deponent respectfully requests an Order pursuant to Fed. R. Civ. P. 56, granting summary judgment in favor of the moving defendant, St. Joseph's Hospital Health Center, dismissing the plaintiff's complaint and all cross claims upon the grounds that the causes of action contained therein lack merit ad a matter of law, together with such other and further relief as to the Court may seem just and proper.

**Maguire Cardona, P.C.**

By: [signature]
Kathleen A. Barclay, Esq.
Bar Roll No.: 516436
*Attorney for Defendant St. Joseph's Hospital Health Center*
22 Clinton Avenue
Albany, New York 12207
(518) 434-9807

Sworn to before me this
15th day of September, 2017

[signature]
Notary Public State of New York

SARAH L ROWLANDS
Notary Public, State of New York
No. 01RO6299326
Qualified in Rensselaer County
Commission Expires 03/24/2018